Ronald MOORE, Plaintiff—Appellant,

v.

FAIRFIELD COUNTY SHERIFF; Dave
Phalen; Fairfield County, Ohio; Fair-
field County Board of County Com-
missioners, Defendants—Appellees.

No. 04–3174.

United States Court of Appeals,
Sixth Circuit.

April 4, 2005.

John W. Ferron, Leslie B. Graden, Lisa
A. Wafer, Ferron & Associates, Columbus,
OH, for Plaintiff–Appellant.

Gregg Marx, Fairfield County Prosecu-
tor, Lancaster, OH, for Defendants–Appel-
lees.

Before: BOGGS, Chief Judge, COOK
and BRIGHT,* Circuit Judges.

PER CURIAM.

Ronald Moore, appellant, filed suit
against Fairfield County Sheriff's Depart-
ment, Fairfield County Sheriff Dave Phe-
lan, Fairfield County and the Board of
Commissioners of Fairfield County (collec-
tively Fairfield), alleging they violated the
Fair Labor Standards Act by failing to pay

him for compensatory time and overtime.
The United States District Judge [1] granted
summary judgment to Fairfield, determin-
ing that Moore's claims were time-barred
and equitable tolling does not apply.
*Moore v. Fairfield County Sheriff's Dep't,
et al.,* No. C–2–02–748 (S.D.Ohio Jan. 6,
2004).

Moore appeals, contending that the dis-
trict court erred in considering Fairfield's
late summary judgment motion and re-
sponse memorandum and in considering
Fairfield's exhibits. Moore also argues
the district court erred in granting Fair-
field summary judgment and determining
Moore's claims were time-barred and equi-
table tolling does not apply.

We review the district court's decision
with respect to Fairfield's excusable ne-
glect in filing a late motion for summary
judgment and response memorandum for
abuse of discretion. *See Allen v. Murph,*
194 F.3d 722, 724 (6th Cir.1999). We re-
view the grant of summary judgment de
novo and affirm if the evidence, viewed in
the light most favorable to the nonmoving
party, shows no genuine issue of material
fact and the moving party is entitled to
judgment as a matter of law. *See Ran-
nals v. Diamond Jo Casino,* 265 F.3d 442,
447 (6th Cir.2001), *cert. denied,* 534 U.S.
1132, 122 S.Ct. 1074, 151 L.Ed.2d 976
(2002); Fed.R.Civ.P. 56(c).

After carefully reviewing this case, we
conclude the district court thoroughly ana-
lyzed the issues and properly applied the
law. The district court has written a com-
prehensive, well-reasoned opinion covering
all issues presented on this appeal, with
which we agree.

---

* The Honorable Myron H. Bright, Judge of the
United States Court of Appeals for the Eighth
Circuit, sitting by designation.

1. The Honorable George C. Smith, United
States District Judge for the Southern District
of Ohio.

The district court noted that it had previously granted Fairfield's motion for leave to enlarge the time period for filing, because Fairfield's late "filing was a result of excusable neglect." The district court then denied Moore's motion to strike. After carefully reviewing the record, we conclude that the district court did not abuse its discretion in determining Fairfield's late "filing was a result of excusable neglect."

The district court granted Fairfield's motion for summary judgment, relying on this court's decision in *Archer v. Sullivan County*, Nos. 95–5214, 95–5215, 1997 WL 720406 at *2 (6th Cir. Nov.14, 1997). The district court properly determined that Moore "is in the same position as the plaintiffs in *Archer*" and Moore, "like the plaintiffs in *Archer*, is time-barred from asserting claims for compensatory time worked in excess of 480 hours." The district court noted that Fairfield had "already compensated [Moore] for 562 compensatory hours, in excess of the 480 hours that he could demand in the complaint." We affirm.

Finally, the district court properly and thoroughly addressed the five equitable tolling factors in determining that equitable tolling does not apply to this case.

Accordingly, we affirm on the basis of the district court's opinion.